UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10144
Summary Calendar
_____

WIEN AIR ALASKA, INC.,

Plaintiff-Appellant,

versus

NORDDEUTSCHE LANDESBANK GIROZENTRALE,
d/b/a North German Central Giro Institution,
a/k/a Nord/LB, Et Al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:94-CV-355-A)
_____

(July 12, 1995)

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Wien Air Alaska, Inc., appellant, contests the order dismissing Norddeutsche Landersbank Girozentrale, d/b/a North German Central Giro Institution, a/k/a Nord/LB and Stadt-Und Saalkreissparkasse Halle, a/k/a Sparkasse Halle Bank, appellees,

---

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

for lack of personal jurisdiction. Finding no error in the district court's judgment, we affirm.

## BACKGROUND

Wien Air Alaska, Inc. ("Wien") is an Alaskan corporation qualified to transact business in Texas. Thor K. Tjontveit ("Tjontveit"), Wien's president and chief executive officer, approached Stadt-Und Saalkreissparkasse Halle ("SSKH") in 1990 for the purposes of obtaining a loan so that he might purchase certain Boeing 737 aircraft as well as portions of the former East German state airline. Tjontveit's stated goal was to eventually establish a new European air cargo and trucking company.

SSKH agreed to lend approximately 68,000,000 deutschmarks ("DM") to Tjontveit but requested that he incorporate two German companies to be the nominal borrowing parties.[1] These loan agreements were made pursuant to a regulatory enactment of the German government, and each loan document was signed by both parties in Halle, Germany. No part of the sum withdrawn, or the interest that accrued on it, was ever repaid, and SSKH declared the loans to be in default. In April of 1991, SSKH sued Tjontveit in the courts of Germany for these loan defaults. On March 31, 1994, SSKH obtained a judgment against Tjontveit for DM 10,000,000. No part of this German judgment has been satisfied.

In May of 1994, Wien instituted this suit claiming that appellees defrauded it in connection with these loan agreements;

---

[1] Tjontveit alleges that SSKH knew the loans were being made to Wien, but the loan documents contain no mention of the U.S. company.

that they conspired with Wien's German attorney, Brandt, to appropriate Tjontveit's business plans; and that appellees conspired to convert the Boeing 737 aircraft. Wien asserts claims against appellees for fraud, breach of contract, conspiracy, breach of fiduciary duty, conversion, promissory estoppel, and violations of the Texas Deceptive Trade Practices Act. Specifically, Wien alleges that such fraud was committed through appellees' agents' misrepresentations which occurred during a March 9, 1992 meeting in Texas, an exchange in July of 1992 at DFW Airport, and a follow-up phone call between an SSKH agent in Germany and Tjontveit in Texas.[2] Wien alleges SSKH's failure during these meetings regarding SSKH's suit against Tjontveit to disclose its dealings with Brandt, among others, was fraudulent and enough to subject the appellees to this court's jurisdiction.

On appeal, Wien asserts that the district court erred in granting the motion to dismiss because he applied the wrong legal standard and resolved factual questions that were beyond the scope of the 12(b)(2) motion. Appellant also claims that notions of fair play and substantial justice would require a finding of specific personal jurisdiction over the appellees.

## DISCUSSION

Whether personal jurisdiction may be exercised over a non-resident is a question of law subject to de novo review. Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 418

---

[2] Wien relies only upon the fraudulent conduct claim as providing the nexus among appellees, the State of Texas, and this lawsuit.

(5th Cir. 1993).  The exercise of personal jurisdiction over a foreign defendant is appropriate only if permitted by the long-arm statute of the state where the district court is located, and if the exercise of jurisdiction would be constitutional.  Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1495 (5th Cir. 1993), cert. denied, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994).  Because the Texas long-arm statute permits the exercise of personal jurisdiction to the extent allowed by the constitution, the sole jurisdictional issue is whether the exercise of personal jurisdiction would violate the constitution.  Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).[3]

For due process to be satisfied, (1) the non-resident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state, and the cause of action must arise from or be connected with such act or transaction.  Burger King Corp. v.

---

[3]     The Texas Supreme Court has held that the Texas long-arm statute, codified at Tex. Civ. Prac. & Rem. Code Ann. §17.042, extends as far as the constitution permits.  Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990).

Rudzewicz, 471 U.S. 462, 475 (1985).[4] Wien has failed to make this showing. Tichenor v. Roman Catholic Church of New Orleans, 32 F.3d 953, 961 (5th Cir. 1994) (the burden of establishing personal jurisdiction resides with [appellant]). Nowhere in the record does Wien indicate how the banks' statements, taken as false for these purposes, give rise to or are connected with its causes of action.[5] A nexus must exist for Wien to succeed, but the record is absolutely void of such a connection. Appellant's conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993).

Wien asserts, however, that it did present a prima facie case for personal jurisdiction, but the district court found for the appellees as a result of applying F.R.C.P. 12(b)(6) reasoning instead of Rule 12(b)(2). We disagree. Appellant's contention that the district court's use of the phrase, "give rise to any cause of action," necessarily and exclusively indicates Rule 12(b)(6) reasoning is mistaken, when considered in the full context of his order.

Further, although the district court's Opinion discusses only the insufficient minimum contacts to establish personal

---

[4] In its brief, appellant alleges only that specific jurisdiction exists, therefore, this court need not address general jurisdiction.

[5] The appellant implies that SSKH's agent also represented Norddeutsche Landesbank Girozentrale but does not provide any evidence upon which to base such a conclusion.

jurisdiction, we are equally convinced that this case fails the "fair play and substantial justice" prong of the jurisdiction test. In deciding whether the assertion of specific jurisdiction over a non-resident defendant would comport with traditional notions of fair play and substantial justice, the courts must consider whether the forum has some special interest in granting relief, the nature and quality of the contacts with the forum state, the interest of the forum state in accommodating its residents, and the convenience of the parties. <u>Thompson v. Chrysler Motors Corp.</u>, 755 F.2d 1162, 1173 (5th Cir. 1985). Additionally, with respect to foreign defendants, the unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long-arm of personal jurisdiction over national borders. <u>Asahi Metal Industry Co. v. Superior Court</u>, 480 U.S. 102, 114 (1987).

Wien's appeal clearly cannot survive this type of scrutiny. The interest of Germany in adjudicating this dispute is overwhelming. The underlying loan was made in Halle, Germany to two German corporations by two German banks. Tjontveit gave a German address when applying for these loans, and there was no indication from any corresponding documents or attachments that appellees expected to be dealing with appellant in Texas. All or most of the related documentation that would become or is a part of this suit is either in German or in Germany or, in most instances, both. Appellees have identified a number of witnesses, all of whom reside in Germany and several of whom do not speak English or are

6

ill and would be unable to come to Texas to testify. The underlying circumstances which Wien alleges gave rise to its causes of action all occurred in Germany, and Wien has not identified a single witness who resides in Texas, not even Tjontveit. Second, appellant has demonstrated no special interest on the part of Texas in granting relief, nor has it shown that there is an interest on Texas's part in providing a forum for its residents. On the contrary, Wien is an Alaska corporation, and this lawsuit is apparently an effort to avoid an outstanding DM 10,000,000 German judgment against Tjontveit.

Therefore, the judgment of the district court is **AFFIRMED.**